1

2

3

4

5                       IN THE UNITED STATES DISTRICT COURT

6                    FOR THE EASTERN DISTRICT OF CALIFORNIA

7

8   J & J SPORTS PRODUCTIONS, INC.,      )
                                         )      2:11-cv-02440-GEB-CKD
9               Plaintiff,               )
                                         )
10        v.                             )      ORDER*
                                         )
11  HUMBERTO LEON SANCHEZ, JR.,          )
    INDIVIDUALLY and d/b/a DISCOTECA     )
12  SANCHEZ,                             )
                                         )
13              Defendant.               )
    _____     )

14

15        Plaintiff seeks an order striking each of Defendant's nineteen

16   affirmative defenses under Federal Rule of Civil Procedure ("Rule")

17   12(f). Defendant did not file an opposition brief.

18                          **I.   LEGAL STANDARD**

19        "Rule 12(f) provides in pertinent part that the Court may

20   order stricken from any pleading any insufficient defense or any

21   redundant, immaterial, impertinent, or scandalous matter. Motions to

22   strike are disfavored and infrequently granted." <u>Bassett v. Ruggles</u>, No.

23   CV-F-09-528-OWW-SMS, 2009 WL 2982895, at *24 (E.D. Cal. Feb. 17, 2009)

24   (internal quotation marks omitted). "[T]he function of a 12(f) motion to

25   strike is to avoid the expenditure of time and money that must arise

26   from litigating spurious issues by dispensing with those issues prior to

27

28        *    This matter is deemed suitable for decision without oral
    argument.  E.D. Cal. R. 230(g).

trial . . . ." Sidney-Vinstein v. A.H. Robins Co., 697 F.2d 880, 885 (9th Cir. 1983). "Immaterial matter is that which has no essential or important relationship to the claim for relief or the defenses being pleaded." Fantasy, Inc. v. Fogerty, 984 F.2d 1524, 1527 (9th Cir. 1993), *rev'd on other grounds*, 510 U.S. 517 (1994) (internal quotation marks omitted). "Impertinent matter consists of statements that do not pertain, and are not necessary, to the issues in question." Id. (internal citation and quotation marks omitted).

"The procedural sufficiency of a pleaded claim or defense in federal court is governed by the federal rules, even though the defense relied on may be a state defense." Wyshak v. City Nat'l Bank, 607 F.2d 824, 827 (9th Cir. 1979). Rule 8(c) "governs the pleading of an affirmative defense." J&J Sports Prods., Inc. v. Gidha, No. CIV-S-10-2509, 2012 WL 537494, at *2 (E.D. Cal. Feb. 17, 2012).

It is unclear whether the heightened pleading standard enumerated in Bell Atlantic Corp. v. Twombly, 550 U.S. 544 (2007), and Ashcroft v. Iqbal, 556 U.S. 662 (2009), governs affirmative defenses: "the Ninth Circuit has yet to apply Twombly and Iqbal to affirmative defenses, and to date, no circuit court has issued a decision regarding the applicability of the heightened pleading standard to affirmative defenses." J&J Sports Prods., Inc., 2012 WL 537494, at *2.

Because of what is at issue in this motion, however, whether the heightened pleading standard applies need not be resolved since even if the lesser pleading standard applies, the motion will be granted and denied in part for the reasons stated below. Under the lesser pleading standard, "[t]he key to determining the sufficiency of pleading an affirmative defense is whether it gives plaintiff fair notice of the defense." Wyshak, 607 F.2d at 827.

## II. DISCUSSION

### i.   First, Second, and Third Affirmative Defenses

Plaintiff argues Defendant's first, second, and third affirmative defenses, which allege that Plaintiff's first, second, and fourth claims fail to state a claim, should be stricken since "[f]ailure to state a claim is an assertion of a defect in Plaintiff's prima facie case, not an affirmative defense." (Pl.'s Mot. 5:27-28 (internal quotation marks omitted).)

"[F]ailure to state a claim is not a proper affirmative defense but, rather, asserts a defect in the plaintiff's prima facie case." G&G Closed Circuit Events, LLC v. Nguyen, No. 5:10-CV-05718, 2011 WL 6293922, at *2 (N.D. Cal. Dec. 15, 2011); see also J&J Sports Prods., Inc., 2012 WL 537494, at *3 ("[D]efendants' first affirmative defense[, failure to state a claim,] challenges plaintiff's prima facie case and therefore is not properly raised as an affirmative defense."). Therefore, Plaintiff's motion to strike Defendant's first, second, and third affirmative defenses is GRANTED.

### ii.   Fourth Affirmative Defense

Plaintiff argues Defendant's fourth affirmative defense, which alleges that the complaint is uncertain, vague, ambiguous, improper, and unintelligible, should be stricken since "[t]his is not an affirmative defense." (Pl.'s Mot. 6:10.)

"[T]he allegation . . . that the Complaint is [uncertain, vague, ambiguous, improper, and unintelligible] is not an affirmative defense; rather, any lack of clarity in the Complaint should have been addressed through a motion [under the applicable Rule]." G&G Closed Circuit Events, LLC, 2010 WL 3749284, at *5. Therefore, Plaintiff's motion to strike Defendant's fourth affirmative defense is GRANTED.

### iii. Fifth Affirmative Defense

Plaintiff also argues Defendant's fifth affirmative defense, which alleges lack of standing, should be stricken since it is "procedurally deficient[ and] fails as a matter of law." (Pl.'s Mot. 6:19-20.) Specifically, Plaintiff argues "Defendant's conduct is not only fairly traceable to the injury, it is specifically traceable to the injury." Id. 6:26-27 (internal quotation marks and emphasis omitted).

However, "federal courts are very reluctant to determine . . . substantial issues of law on a motion to strike; these questions quite properly are viewed as best determined only after further development . . . ." Hernandez v. Balakian, (quoting Wright & Miller, Federal Practice and Procedure: Civil 3d § 1381)). Since this portion of Defendant's motion concerns substantial issues of law, Plaintiff's motion to strike Defendant's fifth affirmative defense is DENIED.

### iv.  Sixth, Seventh, Eighth, and Ninth Affirmative Defenses

Plaintiff argues Defendant's sixth, seventh, eighth, and ninth affirmative defenses, which each allege defenses based on negligence principles, should be stricken since "Plaintiff has not alleged any negligence claims and the arguments raised in these defenses, even if procedurally valid, are immaterial and impertinent and should be stricken because there is no set of facts under which these defenses may be applicable." (Pl.'s Mot. 7:5-7.)

Since "it is clear that the matter to be stricken could have no possible bearing on the subject matter of the litigation," Plaintiff's motion to strike Defendant's sixth, seventh, eighth, and ninth affirmative defenses is GRANTED. J&J Sports Prods., Inc. v. Gidha, No. CIV-S-10-2509, 2012 WL 537494, at *1 (E.D. Cal. Feb. 17, 2012).

///

### v.   Tenth Affirmative Defense

Plaintiff also argues Defendant's tenth affirmative defense, which alleges failure to mitigate damages, should be stricken since "this doctrine has no legal significance in this case[.]" (Pl.'s Mot. 8:3-4.)

"Typically, the rule of mitigation of damages comes into play when the event producing injury or damage has already occurred and it then has become the obligation of the injured or damaged party to avoid continuing or enhanced damages through reasonable efforts." <u>Valle de Oro Bank v. Gamboa</u>, 26 Cal. App. 4th 1686, 1691 (1994). "The complaint, however, alleges no continuing harm." <u>Joe Hand Promotions, Inc. v. Estradda</u>, No 1:10-cv-02165-OWW-SKO, 2011 WL 2413257, at *5 (E.D. Cal. June 8, 2011). Since "[t]his defense . . . is irrelevant to the causes of action asserted in the complaint[,]" Plaintiff's motion to strike Defendant's tenth affirmative defense is GRANTED. <u>Joe Hand Promotions, Inc. v. Garcia</u>, No. 1:11cv02030, 2012 WL 1413940, at *4 (E.D. Cal. Apr. 23, 2012) (addressing identical claims to this action).

### vi.  Eleventh, Twelfth, Thirteenth, and Fourteenth Affirmative Defenses

Plaintiff argues Defendant's unclean hands, laches, waiver, and judicial and equitable estoppel affirmative defenses should be stricken since these "defenses are insufficient in that they do not provide fair notice." (Pl.'s Mot. 8:15.)

Defendant's "unclean hands and laches defenses are insufficient because Defendant does not: (1) identify any conduct by Plaintiff that amounted to 'unclean hands' and (2) articulate how Plaintiff engaged in unreasonable delay that resulted in prejudice to Defendant." <u>J & J Sports Prods., Inc. v. Romero</u>, No. 1:11-cv-1880, 2012

WL 1435004, at *3 (E.D. Cal. Apr. 25, 2012); see also J&J Sports Prods, Inc., 2012 WL 537494, at *3 (striking waiver, estoppel, and unclean hands affirmative defenses for failure to give fair notice).

Further, the waiver and estoppel affirmative defenses are "insufficient because they do not articulate how these doctrines apply to the claims set forth in the Complaint. Defendant simply refers to the equitable doctrine of waiver and estoppel, and does not provide any supporting facts, making it impossible for Plaintiff to ascertain the basis for these affirmative defenses." J & J Sports Prods., Inc. v. Nguyen, No C 11-05433, 2012 WL 1030067, at *2 (N.D. Cal. Mar. 22, 2012); J & J Sports Prod., Inc., 2012 WL 1435004, at *3.

Therefore, Plaintiff's motion to strike Defendant's eleventh, twelfth, thirteenth, and fourteenth affirmative defenses is GRANTED.

**vii. Fifteenth Affirmative Defense**

Plaintiff also argues Defendant's fifteenth affirmative defense, which alleges that Plaintiff's claims are barred by assumption of the risk, should be stricken since it "is at a loss as to how broadcasting its Program was a dangerous behavior that assumed the risk that the Program would be unlawfully intercepted such that Defendant may be absolved of liability." (Pl.'s Mot. 10:9 n.2.)

"The 'assumption of the risk' doctrine provides an exception to the general duty of care rule when a plaintiff is injured while voluntarily participating in a risky activity." Rosencrans v. Dover Images, LTD., 192 Cal. App. 4th 1072, 1082 (2011); see also Connelly v. Mammoth Mountain Ski Area, 39 Cal. App. 4th 8, 11 (1995) ("Primary assumption of risk arises where a plaintiff voluntarily participates in an activity or sport involving certain inherent risks[.]"). However, neither Plaintiff nor Defendant has alleged that Plaintiff was

1  voluntarily participating in a risky activity.

2  Since "it is clear that the matter to be stricken could have

3  no possible bearing on the subject matter of the litigation,"

4  Plaintiff's motion to strike Defendant's fifteenth affirmative defense

5  is GRANTED. J&J Sports Prods., Inc. v. Gidha, No. CIV-S-10-2509, 2012 WL

6  537494, at *1 (E.D. Cal. Feb. 17, 2012).

7  **viii. Sixteenth Affirmative Defense**

8  Plaintiff also argues Defendant's sixteenth affirmative

9  defense, which alleges that Plaintiff's claims are barred by consent or

10  implied consent, should be stricken since "it does not provide fair

11  notice." (Pl.'s Mot. 10:14.)

12  This defense is "applicable in negligence and intentional tort

13  actions." Scott v. Fed. Bond & Collection Serv., Inc., No. 10-CV-02825-

14  LHK, 2011 WL 176846, at *6 (N.D. Cal. Jan 19, 2011). However, under

15  California law, "consent negatives the wrongful element of the

16  defendant's act, and prevents the existence of a tort." Tavernier v.

17  Maes, 242 Cal. App. 2d 532, 552 (1966); see also Judicial Council of

18  California, Judicial Council of California Civil Jury Instructions,

19  § 2100 (2011) (enumerating lack of consent as an element of conversion).

20  Since "allegations that negate an element of [Plaintiff's]

21  claims are not affirmative defenses[,]" Plaintiff's motion to strike

22  Defendant's sixteenth affirmative defense is GRANTED. J&J Sports Prods.,

23  Inc. v. Franco, No. CV F 10-1704 LJO DLB, 2011 WL 794826, *3 (E.D. Cal.

24  Mar. 1, 2011).

25  **ix. Seventeenth Affirmative Defense**

26  Plaintiff argues Defendant's seventeenth affirmative defense,

27  which alleges that Plaintiff's claims are barred by the doctrines of

28  collateral estoppel and res judicata, is inapplicable and should be

stricken since "each defense is contingent upon some prior litigation between the parties arising out of the broadcast of the Program." (Pl.'s Mot. 11:1-3.)

"Under 28 U.S.C. § 1738, Federal courts are required to give full faith and credit to state court judgments. However, neither Plaintiff nor Defendant has alleged that any prior judicial proceeding has occurred with respect to these claims which would carry preclusive effect. Therefore, [this defense is] insufficient as a matter of law[,]" and Plaintiff's motion to strike Defendant's seventeenth affirmative defense is GRANTED. Ganley v. Cnty. of San Mateo, No. C06-3923, 2007 WL 902551, at *5 (N.D. Cal. Mar. 22, 2007).

### x.   Eighteenth Affirmative Defense

Plaintiff argues Defendant's eighteenth affirmative defense should be stricken since it "is not a defense at all; it is an attempt by Defendant to utilize the pleading of affirmative defenses as an opportunity to cast aspersions on Plaintiff and its counsel, and to make a policy statement regarding the underlying litigation." (Pl.'s Mot. 11:11-13.) Defendant's eighteenth affirmative defense alleges as follows:

> Without waiver of any of the denials and allegations of this Answer, Plaintiff[ is] attempting to capitalize on an inadvertent social use of their product, essentially by mistake, and to transform it, in true "Gotcha" fashion, into what is alleged to seem like a heinous breach of the copyright laws, subject to "dragnet" litigation. Defendant[] did not understand the concept of "closed circuit programming" and believed they were arranging for a Pay Per View Boxing Match, albeit imperfectly, for a private party among friends at Mr. Sanchez['s] private apartment which was physically connected to his business premises, which should have cost them a maximum of $100. The evidence will demonstrate that this was, if anything and at the very most, a non-commercial, inadvertent social use of this product, which occurred at a private party, absolutely

1    without commercial gain, or admission charged,
     essentially by mistake. Since realizing their
2    mistake, Defendant[], since being served with this
     First Amended Complaint, ha[s] been ready and
3    willing at all material times, and ha[s] repeatedly
     so expressed [his] willingness, to pay the actual
4    charge for the programming, which [he] believe[s]
     now to be in the neighborhood of $1,500 to $2,000
5    according to Plaintiff's listed prices found on a
     recent Google internet search, but, instead,
6    Plaintiff[] seem[s] to prefer to make the
     proverbial "Federal Case," out [of] this situation
7    and to even further needlessly overload our
     judicial system because Defendant[] ha[s] no
8    intention whatsoever of repeating [his] mistake.

9    (Answer ¶ 56.)

10          "The fair notice pleading requirement is met if the defendant

11   sufficiently articulated the defense so that the plaintiff was not a

12   victim of unfair surprise." J&J Sports Prods., Inc. v. Romero, No. 1:11-

13   cv-1880-AWI-BAM, 2012 WL 1435004, at *2 (E.D. Cal. Apr. 25, 2012). Since

14   it is unclear which, if any, legal theory provides the basis for this

15   affirmative defense, Defendant fails to give fair notice of this

16   affirmative defense. See J&J Sports Prods., Inc. v. Gidha, No. CIV S-10-

17   2509 KJM-KJN, 2012 WL 537494, at *4 (E.D. Cal. Feb. 17, 2012)

18   ("Plaintiff's argument that this defense is confusing and internally

19   inconsistent is well-taken. Defendants have failed to give plaintiff

20   fair notice of the defense, and therefore, defendants' tenth affirmative

21   defense must be stricken."). Therefore, Plaintiff's motion to strike

22   Defendant's eighteenth affirmative defense is GRANTED.

23          **xi.  Nineteenth Affirmative Defense**

24          Plaintiff argues Defendant's nineteenth affirmative defense

25   should be stricken since "Defendant may not reserve a right to amend his

26   pleadings and thereby circumvent Rule 15." (Pl.'s Mot. 13:1 (internal

27   quotation marks omitted).)

28          "An attempt to reserve affirmative defenses for a future date

is not a proper affirmative defense in itself. Instead, if at some later date [Defendant] seeks to add affirmative defenses, he must comply with [the applicable amendment rule]." <u>Solis v. Zenith Capital, LLC</u>, No. 08-cv-4854, 2009 WL 1324051, at *7 (N.D. Cal. May 8, 2009). Therefore, Plaintiff's motion to strike Defendant's nineteenth affirmative defense is GRANTED.

### III. CONCLUSION

For the stated reasons, Defendant's first, second, third, fourth, sixth, seventh, eighth, ninth, tenth, eleventh, twelfth, thirteenth, fourteenth, fifteenth, sixteenth, seventeenth, eighteenth, and nineteenth affirmative defenses are stricken.

Defendant is granted fourteen (14) days from the date on which this order is filed to file an amended answer addressing the deficiencies in any stricken affirmative defense.

Dated:  May 25, 2012

GARLAND E. BURRELL, JR.
United States District Judge