1

2

3

4                    UNITED STATES DISTRICT COURT

5                   EASTERN DISTRICT OF CALIFORNIA

6

7   J & J SPORTS PRODUCTIONS,          No. 2:11-cv-02440-GEB-AC
    INC.,
8
              Plaintiff,
9                                      **ORDER TO SHOW CAUSE AND**
       v.                              **CONTINUING FINAL PRETRIAL**
10                                     **CONFERENCE**
    HUMBERTO LEON SANCHEZ, JR.,
11  individually and d/b/a
    DISCOTECA SANCHEZ,
12
              Defendant.
13

14          The May 9, 2012 Status (Pretrial Scheduling) Order

15  scheduled a final pretrial conference in this case for November

16  25, 2013. The Status Order required the parties to file a joint

17  final pretrial statement "no later than seven (7) calendar days

18  prior to the final pretrial conference." (Status Order 3:3-4, ECF

19  No. 23.) Plaintiff filed a Pretrial Conference Statement ("PCS")

20  on November 15, 2013, in which it states in relevant part: "This

21  Statement is 'unilateral' in nature because, as of this writing,

22  Plaintiff's counsel's efforts to secure defendant Humberto Leon

23  Sanchez, Jr.'s input and assent to a joint pretrial conference

24  statement have been unavailing." (PCS 1:22-24, ECF No. 36.)

25  Defendant did not file a separate final pretrial statement.

26  Further, review of the docket reflects that Defendant has not

27  participated in this action since his former counsel was

28  permitted to withdraw on October 1, 2012. Defendant did not

                                  1

appear at a Status Conference held by Magistrate Judge Carolyn K Delaney on November 7, 2012. (Minutes, ECF No. 33.) Further, Defendant failed to respond to Magistrate Judge Delaney's November 8, 2012 Order, which required Defendant to "provide to [P]laintiff's counsel a phone number at which [D]efendant can be reached so that settlement discussions may be facilitated." (Order 1:18-21, ECF No. 34.)

Therefore, Defendant is Ordered to Show Cause ("OSC") in a writing to be filed no later than December 2, 2013, why sanctions should not be imposed against him under Rule 16(f) of the Federal Rules of Civil Procedure for failure to file a timely final pretrial statement and/or for his failure to follow court orders. Defendant's written response shall state whether a hearing is requested on the OSC. If a hearing is requested, it will be held on December 10, 2013, at 1:30 p.m. Defendant is warned that the failure to timely respond to this order and/or other court orders could result in sanctions, including the striking of Defendant's Answer filed April 4, 2012, and the entry of default by the Clerk of the Court. See e.g., Dreith v. Nu Image, Inc., 648 F.3d 779, 787-88 (9th Cir. 2011) (affirming district court's imposition of default as a sanction); U.S. Philips Corp. v. KXD Tech., Inc., No. 2:05-cv-08953-ER-PLAx, 2007 WL 4984153, at *3-4 (C.D. Cal. July 27, 2007) (striking answer and entering default as a sanction).

Further, the final pretrial conference is rescheduled to commence at 11:00 a.m. on January 13, 2014. A **joint** final pretrial statement shall be filed no later than seven (7) days

prior to the final pretrial conference.[1] The joint pretrial statement shall address the applicable portions of Local Rule 281(b), and shall set forth each theory of liability ("claim") and affirmative defense which remains to be tried, and the ultimate facts on which each theory/defense is based. Furthermore, each party shall estimate the length of trial. The Court uses the parties' joint pretrial statement to prepare its final pretrial order and could issue the final pretrial order without holding the scheduled final pretrial conference. See Mizwicki v. Helwig, 196 F.3d 828, 833 (7th Cir. 1999) ("There is no requirement that the court hold a pretrial conference.").

Final pretrial procedures are "critical for 'promoting efficiency and conserving judicial resources by identifying the real issues prior to trial, thereby saving time and expense for everyone.'" Friedman & Friedman, Ltd. v. Tim McCandless, Inc., 606 F.3d 494 (8th Cir. 2010) (quoting Fed. R. Civ. P. 16 Advisory Committee Note (1983 Amendment to subdivision (c)). "Toward that end, Rule 16 directs courts to use pretrial conferences to weed out unmeritorious claims and defenses before trial begins." Smith v. Gulf Oil Co., 995 F.2d 638, 642 (6th Cir. 1993). The parties are therefore provided notice that a claim or affirmative defense may be dismissed sua sponte if it is not shown to be triable in the joint final pretrial statement. Cf. Portland Retail Druggists Ass'n v. Kaiser Found. Health Plan, 662 F.2d 641, 645 (9th Cir.

---

[1]    The failure of one or more of the parties to participate in the preparation of a joint final pretrial statement does not excuse the other party from his/its obligation to timely file a status report in accordance with this Order. In the event a party fails to participate as ordered, the party timely submitting the final pretrial conference shall include a declaration explaining why it was unable to obtain the cooperation of the other party.

1    1981) (indicating that a party shall be provided notice and an

2    opportunity to respond with facts sufficient to justify having a

3    claim or affirmative defense proceed to trial); Portsmouth

4    Square, Inc. v. S'holders Protective Comm., 770 F.2d 866, 869

5    (9th Cir. 1985) (stating "the district court has . . . authority

6    to grant summary judgment *sua sponte* in the context of a final

7    pretrial conference").

8              If feasible, at the time of filing the joint pretrial

9    statement counsel shall also email it in a format compatible with

10   WordPerfect to: geborders@caed.uscourts.gov.

11             IT IS SO ORDERED.

12             Dated:  November 19, 2013

13

14

15   _____
     GARLAND E. BURRELL, JR.
16   Senior United States District Judge

17

18

19

20

21

22

23

24

25

26

27

28

                                  4