UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| J & J SPORTS PRODUCTIONS, INC., <br><br> Plaintiff, <br><br> v. <br><br> HUMBERTO LEON SANCHEZ, JR., individually and d/b/a DISCOTECA SANCHEZ, <br><br> Defendant. | No. 2:11-cv-02440-GEB-AC <br><br> **ORDER STRIKING ANSWER AND ENTERING DEFAULT** |

An Order to Show Cause ("OSC") filed November 20, 2013, directed Defendant Humberto Leon Shanchez, Jr. ("Defendant") to explain "why sanctions should not be imposed against him under Rule 16(f) of the Federal Rules of Civil Procedure for failure to file a timely final pretrial statement and/or for his failure to follow court orders." (OSC 2:8-13, ECF No. 39.) The November 20, 2013 OSC warned Defendant "that the failure to timely respond to [the OSC] . . . could result in sanctions, including the striking of Defendant's Answer filed April 4, 2012, and the entry of default by the Clerk of the Court." (Id. at 2:15-24.) Defendant did not respond to the OSC. Therefore, the Court considers whether Defendant's Answer should be stricken and default

1

entered.

"District courts have inherent power to control their dockets and may impose sanctions, including dismissal, in the exercise of that discretion." Oliva v. Sullivan, 958 F.2d 272, 273 (9th Cir. 1991); see also Ferdik v. Bonzelet, 963 F.2d 1258, 1260 (9th Cir. 1992) ("Pursuant to Federal Rule of Civil Procedure 41(b), the district court may dismiss an action for failure to comply with any order of the court."). The concept of dismissal as a sanction applies equally to the entry of default. Dreith v. Nu Image, Inc., 648 F.3d 779, 788 (9th Cir. 2011).

> "[The Ninth Circuit has] identified five factors that a district court must consider before dismissing a case or declaring a default: (1) the public's interest in expeditious resolution of litigation; (2) the court's need to manage its docket; (3) the risk of prejudice to the other party; (4) the public policy favoring the disposition of cases on their merits; and (5) the availability of less drastic sanctions."

Id. (quoting Adriana Int'l Corp. v. Thoeren, 913 F.2d 1406, 1412 (9th Cir. 1990)).

The first and second factors weigh in favor of entering default in this case because Defendant's non-compliance with the OSC and past orders has impaired the public's interest in expeditious resolution of litigation and undermines the Court's ability to manage its docket. See Yourish v. Cal. Amplifier, 191 F.3d 983, 990 (9th Cir. 1999) (stating "the public's interest in expeditious resolution of litigation always favors dismissal"); Pagtalunan v. Galaza, 291 F.3d 639, 642 (9th Cir. 2002) ("It is incumbent upon the Court to manage its docket without being subject to routine noncompliance of litigants.").

The third factor concerning the risk of prejudice to Plaintiff considers the strength of a party's excuse for non-compliance. See Pagtalunan, 291 F.3d at 642-43 (stating that "the risk of prejudice [is related] to the [defendant's] reason for [non-compliance]"). Since Defendant has provided no reason for his non-compliance, the third factor also favors dismissal.

The fourth factor concerning the public policy favoring disposition of cases on their merits, weighs against entering default. Dreith, 648 F.3d at 788 ("The fourth factor, resolution of cases on their merits, always weighs against dismissal.").

The fifth factor concerning whether the Court has considered less drastic sanctions, also weighs in favor of entering default in this case since Defendant failed to respond to the November 20, 2013 OSC despite the warning that his Answer could be stricken and default entered as a result. See Ferdick, 963 F.2d at 1262 (stating "a district court's warning to a party that his failure to obey the court's order will result in dismissal can satisfy the 'consideration of alternatives' requirement").

Since the balance of the factors strongly favors entering default, Defendant's Answer is stricken and default shall be entered by the Clerk of the Court. Further, the final pretrial conference scheduled to commence at 11:00 a.m. on January 13, 2014, and trial scheduled to commence at 9:00 a.m. on February 25, 2014, are VACATED.

Further, a status conference is scheduled to commence at 9:00 a.m. on April 28, 2014. A status report shall be filed fourteen (14) days prior to the status conference in which

Plaintiff shall explain only what action has been taken, if any, that Plaintiff opines is sufficient to prevent this action from being dismissed for lack of prosecution.

Dated:  December 4, 2013

_____
GARLAND E. BURRELL, JR.
Senior United States District Judge

4