UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| J & J SPORTS PRODUCTIONS, INC., <br><br> Plaintiff, <br><br> v. <br><br> HUMBERTO LEON SANCHEZ, JR., individually and d/b/a DISCOTECA SANCHEZ, <br><br> Defendant. | No. 2:11-cv-02440-GEB-AC <br><br> **ORDER TO SHOW CAUSE AND CONTINUING STATUS (PRETRIAL SCHEDULING) CONFERENCE** |

The December 5, 3013 Order Striking Answer and Entering Default scheduled a status conference in this case on April 28, 2014, and required Plaintiff to file a status report no later than fourteen (14) days prior to the status conference "explain[ing] what action has been taken, if any, that Plaintiff opines is sufficient to prevent this action from being dismissed for lack of prosecution." (Order 3:27-4:3, ECF No. 40.)

No status order has been filed as required. Further, review of the docket reflects that Plaintiff has taken no action in this case since the Clerk of the Court entered Defendant's default on December 5, 2013. Therefore, Plaintiff is Ordered to Show Cause ("OSC") in a writing to be filed no later than April 28, 2014, why sanctions should not be imposed against it and/or its counsel under Rule 16(f) of the Federal Rules of Civil

1

Procedure for failure to file a timely status report and/or under Rule 41(b) for failure to prosecute and/or follow court orders. The written response shall also state whether Plaintiff or its counsel is at fault, and whether a hearing is requested on the OSC.[1] If a hearing is requested, it will be held on May 12, 2014, at 9:00 a.m., just prior to the status conference, which is rescheduled to that date and time. A status report shall be filed no later than fourteen (14) days prior to the status conference.

Plaintiff is warned that the failure to timely respond to this order could result in sanctions, including dismissal.

IT IS SO ORDERED.

Dated: April 16, 2014

_____
GARLAND E. BURRELL, JR.
Senior United States District Judge

---

[1] "If the fault lies with the attorney, that is where the impact of sanction should be lodged. If the fault lies with the clients, that is where the impact of the sanction should be lodged." In re Sanction of Baker, 744 F.2d 1438, 1442 (10th Cir. 1984), cert. denied, 471 U.S. 1014 (1985). Sometimes the faults of attorneys, and their consequences, are visited upon clients. Myers v. Shekter (In re Hill), 775 F.2d 1385, 1387 (9th Cir. 1985).